USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 10, 2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                        :

DAVID LEVY,                              :

                     Petitioner,         :

                                          :           16 Civ. 10069 (PAC)

     -against-                  :           11 Cr. 00062 (PAC)

                                          :

UNITED STATES OF AMERICA,       :           **OPINION & ORDER**

                                          :

                     Respondent.      :

                                          :
-----------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On March 21, 2013, a jury convicted petitioner David Levy of one count of conspiracy to commit securities and wire fraud, three counts of securities fraud, and one count of money laundering. On January 24, 2014, the Court sentenced Mr. Levy to 108 months of imprisonment. He now moves, pursuant to 28 U.S.C. § 2255, to modify that judgment and sentence; or alternatively to correct a clerical error under Fed. R. Crim. P. 36; or alternatively for a writ of coram nobis. Mr. Levy seeks a correction of an allegedly erroneous notation on a fugitive warrant identified in his Presentence Investigation Report ("PSR"). This claimed inaccuracy resulted in adjustment to Mr. Levy's security score calculated by the Bureau of Prisons ("BOP"), and thus prevented his transfer to a less secure prison.

The application is denied: 28 U.S.C. § 2255 is not available for the relief Mr. Levy seeks; his other requests are without merit; and the Southern District of New York is not the appropriate forum for the relief sought.

## BACKGROUND

After Mr. Levy's conviction on January 7, 2014, the United States Probation Office issued its PSR. (Petitioner's Motion to Vacate under 28 U.S.C. § 2255, Dkt. 497[1] ("Pet."), 1); (Jury Verdict, Dkt. 274). The PSR summarized Mr. Levy's personal and criminal history, the facts behind Mr. Levy's convictions, and relevant Guidelines calculations. (Government's Memorandum in Opposition, Dkt. 503 ("Gov't Opp."), 2-3). The PSR identified a battery charge to which Mr. Levy pleaded *nolo contendere*, and a prior conviction for unlicensed telemarketing. (Gov't Opp., 3). Both counted toward Mr. Levy's criminal history score. (*Id.*). Other arrests were identified but did not count toward Mr. Levy's applicable Guidelines calculation. (*Id.*).

One of these arrests occurred in 1988 on a fugitive warrant. (Pet., 1). In Mr. Levy's PSR, the status of the fugitive warrant was marked "Unknown" because the Probation Office had requested but had not received information about the arrest from the issuing police department. (Pet., 2). According to Mr. Levy, the fugitive warrant was related to a New Jersey charge for "theft by reason of failure to make required disposition of property." (Pet., 1). He contends that the New Jersey theft charge was ultimately dismissed, and that the fugitive warrant on his PSR should reflect this history, potentially lowering his security score as calculated by the BOP. Mr. Levy concedes that the fugitive warrant did not result in the addition of any points under the Sentencing Guidelines. (Pet., 12).

The Court sentenced Mr. Levy to 108 months imprisonment, and recommended that the BOP grant Mr. Levy's request to be designated to a facility in the Miami, Florida area. (Pet., 4). The BOP initially designated Mr. Levy to Coleman Medium in Southern Florida for one and a half years. He was then transferred to a low security facility, where he has spent a year. Mr. Levy has served his sentence in Southern Florida, and his security classification has subsequently

---

[1] Docket citations are to 11 Cr. 62 (PAC) (S.D.N.Y.).

been reduced to minimum. The BOP, however, has rejected Mr. Levy's request for transfer to a minimum security satellite prison camp. The Government explains that the BOP based its decision on Mr. Levy's prior conviction for battery and the fugitive warrant and arrest. (Gov't Opp., 4). Mr. Levy's Petition followed.

## DISCUSSION

### I.    Motion to Modify Judgment and Sentence Under 28 U.S.C. § 2255

Section 2255 does not allow for the relief Mr. Levy seeks. "A motion under section 2255 must . . . be directed to the sentence as it was imposed, not to the manner in which it is being executed." *Dioguardi v. United States*, 587 F.2d 572, 573 (2d Cir. 1978); *see also Roccisano v. Menifee*, 293 F.3d 51, 57 (2d Cir. 2002). In contrast, "[a] challenge to the *execution* of a sentence . . . is properly filed pursuant to Section 2241." *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Regarding Section 2241, execution includes "such matters as . . . prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

Mr. Levy seeks a correction to the PSR so that the BOP might lessen the severity of his confinement, such as allowing him access to a less secure facility or furloughs. (Petitioner David Levy's Reply, Dkt. 508 ("Pet. Reply")). But, the regulations that Mr. Levy complains of are explicitly listed as executions of sentence by the Second Circuit. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Challenges to the execution of confinement, in this case the ability to transfer to a less secure facility or the conditions of confinement, must be brought under Section 2241 as opposed to Section 2255. *See id*. Furthermore, "with respect to habeas petitions designed to relieve an individual from oppressive confinement, the traditional rule has always been that the Great Writ is issuable only in the district of confinement." *Rumsfeld v. Padilla*, 542

U.S. 426, 442 (2004) (internal quotation marks omitted). If challenges to an inmate's security classification and confinement must be brought in the district of incarceration, this challenge must be brought in the Southern District of Florida, which Court has jurisdiction over Mr. Levy's custodian.

Even if the 2255 motion were considered on its merits, it would be denied. Counsel's representation did not fall below an "objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). There was not ineffective assistance of counsel related to the supposedly erroneous security score. The score was based on prior violent conduct (battery charge) and the issued fugitive warrant, regardless of whether it was later resolved. Further, counsel's failure to object to the "Unknown" notation created no consequences in the Guidelines calculations. Counsel reasonably objected to other portions of the PSR, and any failure to object to the claimed error in the PSR for potentially distant consequences does not meet the highly deferential standard of *Strickland*.

## II.    Other Claims for Relief

The petitioner fails to provide any basis for relief under the remaining claims.

Coram nobis is an "extraordinary remedy" that "should be allowed … only under circumstances compelling such action to achieve justice," and should include only errors of the most fundamental character. *United States v. Morgan*, 346 U.S. 502, 511, 512 (1954). The circumstances here are not compelling enough to warrant this action. The fugitive warrant was marked "Unknown" in the PSR, which was not fundamentally incorrect, and as the Government explains, the BOP considered other charges when denying the petitioner's request. Moreover, a more proper remedy may be available: a writ for habeas corpus under Section 2241 in the Southern District of Florida.

Relief under Rule 36 is also unavailable. Rule 36 allows a court to "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The petitioner seeks precisely the type of remedy that the Second Circuit has explicitly restricted courts from granting through Rule 36. The argued mistaken marking of the fugitive warrant was not an error of transcription; it was noted "Unknown" exactly as intended. In any event, Rule 36 was never intended to provide a means to make substantive changes to a petitioner's sentence. *United States v. Werber,* 51 F.3d 342, 349 (2d Cir. 1995). Thus, Rule 36 also provides no relief for the petitioner.

Finally, the petitioner requests that this Court invoke its inherent authority to see justice done "to the extent that the unusual facts of the case foreclose a more usual remedy." (Pet., 15) As described above, petitioner can still seek a "more usual remedy" – a petition pursuant to Section 2241 – so the Court does not consider this request.

## CONCLUSION

The Court DENIES Levy's 28 U.S.C. § 2255 petition and alternative motions. Mr. Levy has an appropriate vehicle for relief available, but not in this proceeding. A certificate of appealability will not issue. The Clerk of Court is directed to terminate the motion pending at docket number 497 in Case No. 11 Cr. 62, close Case No. 16 Civ. 10069, and enter judgment.

Dated: New York, New York
     July 10, 2017

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge